<table>
<tr><td colspan="2">

**United States Bankruptcy Court**
**District of New Jersey**

</td></tr>
<tr><td>

By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

</td><td></td></tr>
<tr><td>

In re: Thomas Ray Bell,

*Debtor.*

</td><td>

Case No.:          26-15721-JNP

Chapter:          13

Hearing Date:     09/01/2026

Judge:            Poslusny

</td></tr>
</table>

### Brief in Support of Motion to Object to Claims of PNC Bank N.A.

Debtor Thomas Ray Bell, through his attorney, hereby submits this brief in support of his Motion to Object to Claims of PNC Bank N.A.

### Background

1.    The Debtor filed a petition for relief under chapter 13 on May 20, 2026.

2.    On June 16, 2026, PNC filed two claims: Claim No. 3, in the asserted amount of $30,694.93, and Claim No. 4, in the asserted amount of $63,684.36. Each asserts a general unsecured debt arising from the Debtor's guaranty of a business line of credit extended to T R Bell Trucking (the "Borrower").

3.    The claims must be disallowed because they do not comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. First, neither claim is itemized as Fed. R. Bankr. P. 3001(c)(2)(A) requires, and neither is therefore entitled to prima facie validity under Rule 3001(f). Second, each claim is unenforceable and disallowable under 11 U.S.C. § 502(b)(1).

**I.**

4.      The only support either claim offers for its amount is a one-page Summary of Claim listing three figures: a principal total, an interest total, and a late-fee total. Neither claim states an interest rate, a period of accrual, an application of payments, or the basis for the late charges. Neither attaches, or explains the absence of, any account statement, payment history, or interest-rate history.

5.      Where the debtor is an individual and the claim includes interest, fees, expenses, or other charges, the claimant must file "an itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before the petition was filed." Rule 3001(c)(2)(A). Three totals are not an itemization.

6.       A claim that does not comply with Rule 3001(c) is not entitled to the prima facie effect of Rule 3001(f). *In re O'Brien*, 440 B.R. 654, 662–63 (Bankr. E.D. Pa. 2010). The burden of persuasion is always on the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992). PNC must therefore prove the validity and amount of each claim, and it has filed nothing from which the Court could test either amount.

**II.**

7.      A claim shall be disallowed to the extent that it "is unenforceable against the debtor . . . under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

8.      Each agreement PNC attached requires a payment every month and puts the account in default if a payment is not made when due. (Claim No. 4-1 at 15, ¶¶ 10, 17(a); Claim No. 3-1 at 16–17, ¶¶ 11, 17(a).) A cause of action accrued no later than the date of the first payment the Borrower failed to make when due. On the face of the papers PNC filed, that date cannot

2

postdate the stated Expiration Dates: Dec. 27, 2008, on the 2007 line, and June 19, 2018, on the 2017 line. (Claim No. 4-1 at 12, 14; Claim No. 3-1 at 14.) PNC filed no renewal and no evidence of any payment or advance after those dates.

9.    New Jersey gives a creditor six years to sue on a contract. *N.J.S.A.* 2A:14-1. An action on either guaranty was therefore barred years before this case was filed. Each claim is disallowable under Section 502(b)(1).

10.    PNC may contend instead that these accounts remained active after those dates. Its own interest figures do not bear that out: they correspond to no more than two years of accrual, computed at the lowest rate PNC′s own contractual formula could ever have produced. If the accounts did remain active, PNC has not filed the record of advances, payments, rate changes, and charges that Rule 3001(c)(2)(A) required and that alone could establish the balances asserted. Either way, PNC has not carried its burden.

### Request for Relief

11.    The Court should disallow Claims 3 and 4 in their entirety under Section 502(b)(1).

12.    If the Court is not prepared to disallow the claims in full, it should disallow the unitemized interest and late charges on each claim and allow each claim only in the principal amount PNC substantiates on the record.

13.    In either event, the Court should preclude PNC under Fed. R. Bankr. P. 3001(c)(3)(A) from presenting, in any form, as evidence in any contested matter or adversary proceeding in this case, the information and documentation it failed to file with Claims No. 3 and 4.

Date: July 29, 2026

**LAW OFFICE OF MIKE ASSAD, P.C**
*Attorney for Debtor*

By: /s/ Michael I. Assad
     Michael I. Assad