| United States Bankruptcy Court<br>District of New Jersey | | |
|---|---|---|
| By: Michael I. Assad (#338972023)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>*Attorney for Debtor* | Case No.:<br>Chapter: | 26-15721-JNP<br>13 |
| In re: Thomas Ray Bell,<br>*Debtor*. | Hearing Date:<br>Judge: | 09/01/2026<br>Poslusny |

**Debtor's Reply Brief in Support of**
**Motion to Reschedule Section 341(a) Meeting of Creditors**

## Background

The Debtor filed this chapter 13 case on May 20, 2026, and the meeting of creditors under Section 341(a) of the Bankruptcy Code was first scheduled for June 18, 2026. Before the meeting, the Trustee asked the Debtor to provide certain documents. Because he did not do so in the time allowed, the meeting was not held.

The Debtor has since provided the Trustee with every document the law requires of him: his photo identification, proof of his Social Security number, his most recent tax return, and evidence of current income. He has also provided all bank statements requested by the Trustee, with one wrinkle: the Debtor, who is 80 years old, has had trouble obtaining bank statements for a PNC checking account that he shares with his non-filing spouse. Instead of actual bank statements, PNC has provided him with a transaction history listing all account activity between November 1, 2025, and April 30, 2026, which he has in turn provided to the Trustee.

On July 26, 2026, the Debtor moved to reschedule the meeting. (ECF No. 17.) On August 25, 2026, the Trustee objected on the basis that the Debtor has not provided the Trustee with two items: (1) six months of statements from a PNC checking account, and (2) a letter from his adult son proving the son's contributions to household expenses.[1] (ECF No. 23.) The objection also admonished the Debtor for "forc[ing] the Trustee to spend unnecessary time re-reviewing the case and preparing an objection" and for "causing an unnecessary delay in the case." (*Id.*)

**Argument**

**I. The Trustee must convene the meeting of creditors because the Debtor has provided all documents required by the Bankruptcy Code.**

Section 341(a) provides that the Trustee "shall convene and preside at a meeting of creditors." The Code imposes one requirement on the Debtor before the meeting can be held—he must provide his most recent federal income tax return seven days in advance. 11 U.S.C. § 521(e)(2)(A)(i). The Rules provide that he must also "**bring** . . . to the §341 meeting of creditors" his government-issued photo identification, proof of his Social Security number, evidence of his current income, and bank records covering the petition date. Rule 4002(b)(1)–(2) (emphasis added).

The Court must enforce plainly written statutes and rules according to their terms. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). Had the Judicial Conference intended to condition the meeting on the advance production of other documents, it would have said so, as Congress did when it imposed the tax return requirement. The Trustee cannot invent prerequisites that

[1] The Debtor disclosed on Schedule I that his son contributes toward his household expenses. He insists that his son not be involved in this case in any way, although his attorney has explained to him that it is the easiest way to show the feasibility of his plan and move the case forward. As discussed further in this reply, an elderly debtor's stubbornness is not bad faith, nor is it grounds to deny him the opportunity to prove the feasibility of his plan at confirmation by refusing to hold the meeting of creditors.

Congress and the Judicial Conference did not intend. Because the Debtor has provided the only document required in advance by the Bankruptcy Code, the Court must overrule the objection and direct the Trustee to convene the meeting of creditors.

**II. The Debtor has substantially complied even with requests that exceed the Rules.**

The Debtor has substantially complied with the Trustee's request for all documents that the Rules require him to bring to the meeting, including the Trustee's burdensome and unnecessary request for six months of bank statements, which far exceeds the Rule's requirement of only the statement "for the time period that includes the date of the filing of the petition." Although the Debtor has provided records for one account in a format different from the one requested, the information provided is sufficient to allow the Trustee to meaningfully examine the Debtor at the meeting. The Trustee's unwillingness to make a harmless accommodation for an 80-year-old debtor who has done his best to cooperate is unfortunate.

**III. The Debtor is required to prove the feasibility of the plan at the confirmation hearing, not at the meeting of creditors.**

Neither the Bankruptcy Code nor the Rules require the Debtor to obtain a contribution letter from his son. Whether the contribution will in fact fund the plan is a question of feasibility, which the Debtor has the burden of proving at confirmation. 11 U.S.C. § 1325(a)(6). The Trustee may examine the Debtor about the contribution at the meeting of creditors, and the absence of a letter does not impair his ability to do so. 11 U.S.C. § 343. However, requiring the letter turns the meeting into a quasi-confirmation hearing, which is not its intended purpose and impairs the Debtor's right to prosecute confirmation of his plan. Of course, the Trustee may also appear and be heard on feasibility at confirmation. 11 U.S.C. § 1302(b)(2)(B).

## IV. The objection, which violates the Rules, is a costly waste of time.

The Trustee's admonition that the Debtor wasted his time by filing the motion, in addition to being unnecessarily hostile, is ironic because the objection violates the Rules. *See* Rule 9011(b)(2) ("legal contentions [must be] warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law"). The Debtor retained his attorney under D.N.J. LBR 2016-5(c), so replying to the objection and appearing at the hearing will cost him hundreds of dollars in additional attorney's fees. The Trustee's further admonition that the Debtor is causing delay is misguided, given that the ongoing delay is the result of the Trustee's unwillingness to comply with Section 341(a)'s requirement that he hold a meeting of creditors.

## Conclusion

The Debtor has satisfied the only document requirement the Bankruptcy Code imposes and has substantially complied with all document requirements imposed by the Rules. The Trustee is well equipped to fulfill his duties at the meeting of creditors and will have further opportunity to be heard on the feasibility of the plan at the confirmation hearing. As a matter of law, the Court must overrule the objection and enter an order directing the Trustee to reschedule and conduct the meeting.

Date: August 27, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad